UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRISTIN D. KING,<br>CDCR #AW-9524,<br><br>                                    Plaintiff,<br><br>vs.<br><br>POLLARD, Warden, et al.<br><br>                                    Defendants. | Case No.: 3:21-cv-00915-GPC-AHG<br><br>**ORDER:**<br><br>**1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g) [ECF No. 5]**<br><br>**2) DENYING MOTION FOR ARBITRATION, MEDIATION AND/OR SETTLEMENT CONFERENCE [ECF No. 7]**<br><br>**AND**<br><br>**3) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

Plaintiff, Tristin D. King, currently incarcerated at Richard J. Donovan Correctional Facility ("RJD"), in San Diego, California, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. *See* Compl., ECF No. 1.

Plaintiff claims the Warden and several other correctional officials at RJD violated his right to due process in April and May 2020 when they transferred him without notice

or a hearing from the Level III "A Yard" to the Level IV "C Yard" yard despite his previous authorization for lower-level housing based on his EOP status.[1] *Id.* at 4, 6–10. Plaintiff challenged the transfer via a CDCR 602 Inmate/Parolee Appeal, which was ultimately granted, and he was "moved back to A Yard." *Id.* at 7–13. He seeks $100,000 in punitive damages based on the mental decompensation and emotional distress he suffered as a result of Defendants' actions. *Id.* at 11, 14.

Plaintiff did not pay the full civil filing fee required by 28 U.S.C. § 1914(a) at the time he filed suit, so his case was dismissed. *See* ECF No. 4. He has since re-opened the case however, by filing a Motion to Proceed *In Forma Pauperis* ("IFP") (ECF No. 5), followed by a "Motion and Request for Arbitration, Mediation, and/or Settlement Conference (ECF No. 7).

## I.     Motion to Proceed IFP

### A.     Standard of Review

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Plaintiff, however, "face an additional hurdle." *Id.*

In addition to requiring prisoners to "pay the full amount of a filing fee" in monthly installments as provided by 28 U.S.C. § 1915(a)(3)(b), the Prison Litigation Reform Act ("PLRA") amended Section 1915 to preclude IFP privileges in cases where the prisoner:

> . . . has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1] The Enhanced Outpatient Program ("EOP") is a "high level outpatient psychiatric care program offered at CDCR [California Department of Corrections and Rehabilitation]." *White v. Pfeiffer*, No. 1:19-CV-01786-NONE-GSA PC, 2021 WL 736246, at *1 n.1 (E.D. Cal. Feb. 25, 2021) .

28 U.S.C. § 1915(g); *Coleman v. Tollefson*, 575 U.S. 532, 535–36 (2015). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005); *Coleman*, 575 U.S. at 534. "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Andrews*, 398 F.3d at 1116 n.1; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997); *see also Coleman,* 575 U.S. at 535 (citing *Jones v. Bock*, 549 U.S. 199, 204 (2007)).

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)). "A strike-call under Section § 1915(g) [] hinges exclusively on the basis for the dismissal." *Lomax v. Ortiz-Marquez*, __ U.S. __, 140 S. Ct. 1721, 1724–25 (2020).

Once a prisoner has accumulated three strikes, Section 1915(g) prohibits his pursuit of any subsequent IFP civil action or appeal in federal court unless he faces "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

B. <u>Discussion</u>

The Court has reviewed Plaintiff's Complaint and finds it contains no "plausible allegations" to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). Plaintiff challenges Defendants' decision to transfer him from a lower-level security yard to a higher-level yard in April and May 2020 without first resorting to a classification committee hearing and a "program review," and he claims the temporary transfer to "C Yard" "heightened [his] psychosis and depression" while he was assigned there. *See* Compl., at 8, 11. However, Plaintiff further admits he was "moved back to 'A Yard' in May 2020 after this CDCR 602 Inmate/Parolee Appeal was granted. *Id.* at 13, 23–24. He does not allege to have faced any ongoing danger at the time he filed this action in May 2021—more than a year later. *See Cervantes*, 493 F.3d at 1055-56 (plaintiff must allege to face a real, proximate and/or ongoing danger at the time of filing); *Cohea v. Davey,* No. 1:19-CV-01281-LJO-SAB (PC), 2019 WL 5446490, at *1 (E.D. Cal. Oct. 24, 2019) (finding prisoner's allegations of past assaults insufficient to show "imminent danger" under 1915(g)), *reconsideration denied*, No. 1:19-CV-01281-NONE-SAB (PC), 2020 WL 5763929 (E.D. Cal. Sept. 28, 2020).

"Although prison can undoubtedly be a dangerous place, incarceration alone does not satisfy the requirement of 'imminent danger of serious physical injury'" for purposes of § 1915(g). *Parker v. Montgomery Cty. Corr. Facility/Bus. Office Manager*, 870 F.3d 144, 154 n.12 (3d Cir. 2017). "Indeed, if it did, every prisoner would be entitled to IFP status and the exception would swallow the rule." *Id.* (citation omitted); *see also Patrick v. Altshuler*, No. 2:17-CV-1046 AC P, 2017 WL 4539273, at *5 (E.D. Cal. Oct. 11, 2017) (finding prisoner's claims of "[f]ear with trust issues" and "painful" "[a]buse[s] of power" were insufficient to demonstrate he was "under imminent danger of serious physical injury" under § 1915(g)); *Prophet v. Clark*, No. CV 1-08-00982-FJM, 2009 WL 1765197, at *1 (E.D. Cal. June 22, 2009) (finding prisoner's access to the courts, interference with legal mail, and retaliation claims insufficient to satisfy § 1915(g) exception in cases of "imminent danger of serious physical injury").

And while Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, *Andrews*, 398 F.3d at 1119, "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. That is the case here.

A court may take judicial notice of its own records*, see Molus v. Swan*, Civil Case No. 3:05-cv-00452-MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Services*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.,* 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

Based on a review of its own dockets and other court proceedings available on PACER, the Court finds that Plaintiff Tristin D. King, identified as CDCR Inmate #AW-9524, while incarcerated, has had four prior civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

They are:

(1)  *King v. Sanchez, et al.*, Civil Case No. 2:18-cv-10432-DOC-GJS (C.D. Cal., Western Div., March 19, 2019) (Order denying IFP and dismissing civil action without leave to amend for failing to state a claim pursuant to 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c)(1) (ECF No. 6) (strike one);

(2)  *King v. Williams, et al.*, Civil Case No. 2:19-cv-02415-DOC-GJS (C.D. Cal., Western Div., Sept. 16, 2019) (Order denying IFP and dismissing complaint for failing to state a claim pursuant to 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c)(1)) (ECF No. 6) (strike two);

(3)  *King v. Jauregui, et al*., Civil Case No. 2:18-cv-09649-DOC-GJS (C.D. Cal., Western Div., Oct. 4, 2019) (Report and Recommendation ["R&R"] to grant Defendant's Motion to Dismiss First Amended

Complaint for failing to state a claim pursuant to Fed. R. Civ. P. 12(b)(6)) (ECF No. 33); (C.D. Cal., Western Div., Nov. 22, 2019) (Order Accepting R&R, dismissing Amended Complaint without leave to amend, and dismissing civil action with prejudice) (ECF No. 41); *aff'd,* Appeal No. 19-56470 (9th Cir. June 25, 2021) (ECF No. 49) (strike three); and

(4) *King v. Jauregui*, Civil Case No. 2:19-cv-04938-DOC-GJS (C.D. Cal., Western Div., Aug. 11, 2020) (Findings and Recommendations ["F&R"] to grant Defendant's Motion to Dismiss Complaint for failing to state a claim pursuant to Fed. R. Civ. P. 12(b)(6)) (ECF No. 26); (C.D. Cal., Western Div., Sept. 28, 2020) (Order accepting F&R and dismissing civil action without leave to amend) (ECF No. 27) (strike four).

Accordingly, because Plaintiff has, while incarcerated, accumulated at least three "strikes" as defined by § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez,* 169 F.3d at 1180 (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

## II.     Motion for Arbitration, Mediation and/or Settlement Conference

Plaintiff also requests that the Court "save time and resources" by scheduling a settlement conference "where the parties can present their evidence, … and possibly come to a settlement of the case." *See* ECF No. 7. Because the Court has found Plaintiff is not entitled to proceed IFP, however, his case is subject to dismissal and his request is DENIED without prejudice as premature. *See Schwerdtfeger v. Paramo*, No. 19-CV-2255 JLS (JLB), 2021 WL 1186831, at *3 (S.D. Cal. Mar. 30, 2021) ("[A] plaintiff who falls within the scope of section 1915(g) cannot proceed IFP unless he or she is found to fall within the imminent danger exception.").

### III. Conclusion and Orders

For the reasons set forth above, the Court:

(1) **DENIES** both Plaintiff's Motion to Proceed IFP and his Motion for Arbitration, Mediation and/or Settlement Conference as barred by 28 U.S.C. § 1915(g) (ECF Nos. 5, 7);

(2) **DISMISSES** this civil action sua sponte without prejudice for failing to prepay the $402 civil and administrative filing fees required by 28 U.S.C. § 1914(a);

(3) **CERTIFIES** that an IFP appeal from this Order would be frivolous pursuant to 28 U.S.C. § 1915(a)(3); and

(4) **DIRECTS** the Clerk of the Court to close the file.

**IT IS SO ORDERED**.

Dated: August 17, 2021

Hon. Gonzalo P. Curiel
United States District Judge